IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**05/17/2012**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| WALTON OLNEY WALKER, JR., | ) | CASE NO. 11-37572-H3-13 |
| | ) | |
| Debtor | ) | |
| | ) | |

MEMORANDUM OPINION

Came on for trial the Objection to Candica, LLC's Proof
of Claim No. 1 (Docket No. 31) filed by Walton Olney Walker, Jr.,
Debtor, and after considering the Response filed thereto (Docket
No. 55) the pleadings, evidence and argument of counsel, the court
makes the following findings of fact and conclusions of law.  A
separate Judgment will be entered sustaining the Objection and
disallowing the claim of Candica, LLC.  To the extent any findings
of fact are construed to be conclusions of law, they are hereby
adopted as such.  To the extent any conclusions of law are
construed to be findings of fact, they are hereby adopted as such.

Findings of Fact

1.   Walton Olney Walker, Jr., Debtor, filed a voluntary
Chapter 13 bankruptcy petition on September 3, 2011.

2.   On September 8, 2011, FIA Card Services, N.A., as
successor in interest to Bank of America, N.A. (USA) and MNBA
America Bank, N. A., filed an unsecured proof of claim in the
amount of $7,498.18, Proof of Claim No. 1, based upon money owed
for credit card charges, pursuant to an account under Debtor's name

and ending in 3805.  Candica claims that Debtor's account was part of a bulk purchase of accounts (including electronic and other records kept in the ordinary course of business) from Ophrys, LLC which in turn acquired it from FIA Card Services.  Docket No. 55. Debtor's Schedule F lists Bank of America as an unsecured creditor in the same amount as FIA Card Services' proof of claim, $7,498.18, and references the same account.  Docket No. 1.

3.  On November 7, 2011, Candica filed a Transfer of Claim and Notice of Transfer of Claim (Docket No. 24) wherein FIA Card Services transferred its proof of claim to Candica.  On January 23, 2012, Debtor filed an objection to the claim on the basis that no monies were owed by Debtor to Candica and that the documentation in support of this claim is insufficient to assert or substantiate Debtor's personal liability on the debt.  In support of the objection to claim, Debtor filed Affidavits stating that he never agreed to a debt with Candica, never signed a note or a contract with Candica and does not owe any money to Candica. Docket Nos. 48 and 74.

4.  On February 14, 2012, Candica filed its Response to Debtor's objection to claim (Docket No. 55) and filed an amended proof of claim in Debtor's claim register, listing Candica as the creditor on the claim form and adding other documents in support. These same documents were also separately filed in the above captioned case on April 13, 2012.  Docket No. 63.  The initial document in support is an Affidavit dated February 14, 2012 and

2

executed by Adam McRoberts, Candica's Custodian of Records, to which the following were attached: a copy of a "Bill of Sale and Assignment of Accounts" dated October 25, 2011 and signed by Debra L. Pellicciaro, as Vice President of FIA Card Services, which transfers accounts to Ophrys; an Affidavit, dated November 1, 2011, executed by Debra Pellicciaro, as Vice President and Custodian of Records of FIA Card Services; a copy of an "Assignment" dated October 25, 2011, with "Annex A" attached, signed by Theresa A. Grosvenor, as Secretary of Ophrys; a copy of a one page document that appears to be a summary of Debtor's account; and a copy of the October 2011 monthly credit card statement addressed to Debtor by Bank of America.

5.   The Affidavit of Adam McRoberts, Candica's Custodian of Records, states that Candica acquired records, in an electronic format, from the custodian of records from Ophrys, LLC which in turn acquired them, in an electronic format, from the custodian of records for FIA Card Services as the successor in interest to Bank of America.  The one page "Bill of Sale and Assignment of Accounts" (designated at the top of the page as "Exhibit C") signed by Debra L. Pellicciaro, as Vice President of FIA Card Services, has "Bank of America" and its insignia printed on the top right corner of the page.  The document reflects that FIA Card Services assigned "each of the Accounts identified in the loan schedule ('Loan Schedule') attached hereto" to Ophrys, LLC together with any principal, interest or other proceeds remaining due on the "Accounts" as set

3

forth in the "Loan Sale Agreement pursuant to which the Accounts are being sold." Neither the Loan Schedule nor the Loan Sale Agreement were attached to Candica's proof of claim or produced by Candica. No documents were attached or submitted which establish that FIA Card Services is the successor in interest to Bank of America.

6. The November 1, 2011 "Affidavit of Sale of Accounts By Original Creditor" (designated at the top of the page as "Exhibit L") signed by Debra Pellicciaro states that FIA Card Services sold a pool of charged-off accounts by a Credit Card Account Purchase Agreement and a Bill of Sale to Ophrys, LLC on or about October 25, 2011. The Affiant stated that the sale included electronic and other records on individual accounts which were kept in the ordinary course of FIA Card Services' business. No attachments to the November 2011 Affidavit identified the individual accounts transferred.

7. The one page "Assignment" dated October 25, 2011, signed by Theresa A. Grosvenor, as Secretary of Ophrys, appears to transfer

> all of the "Assets" and related "Transferred Property"
> (both as defined in the Master Purchase and Sale
> Agreement, dated as of October 30, 2009, between [Ophrys]
> and [Candica] (the "Ophrys Purchase Agreement") acquired
> by [Orhrys] and described on the attached Annex A, all
> rights of [Orhrys] under the Asset Purchase Agreements
> (as defined in the Agreement) described on the attached
> Annex A with respect to such Assets ... and all related
> assets described in the Ophrys Purchase Agreement.

Attached to the Assignment is "Annex A To Assignment" which reads as follows:

> Assets which are the subject of the Assignment to which this Annex A is attached are as listed in the Excel files named the following:
>
> 201110201_BankOfAmerica_15340_CandicaLLC_AssetList.xlsx
>
> With respect to those Assets in the Excel files named in this Annex A, and Loan Sale Agreement dated July 7, 2011 (sic)

None of the documents referenced above in the Assignment or Annex A were attached to Candica's proof of claim or produced by Candica.

8.   Candica also submitted a copy of Bank of America's October 2011 monthly credit card statement addressed to Debtor and a copy of a one page document which appears to summarize Debtor's account.  The summary includes Debtor's Bank of America account number, the balance, last payment, charge off account number with the date and balance thereof, the sale balance and current balance, and the filing date and case number of Debtor's bankruptcy.

9.   The court finds that the documents submitted in support of Candica's proof of claim reference other documents that purportedly identify the accounts which are the subject of the transfers, but these identifying documents were not attached to the claim nor were they produced by Candica.  The court finds that the evidence does not establish that the account of the Debtor was transferred to Candica by its purported predecessors in interest.

10.   There was no appearance at the trial by Candica or its counsel of record.  Debtor's counsel of record appeared on

behalf of the Debtor.  Other than the documents and pleadings on file, no additional evidence was submitted.

## Conclusions of Law

1.    When a proof of claim in bankruptcy is filed, the party filing the claim is presumed to have made a prima facie case against the debtor's assets. *In re Fidelity Holding Company, Ltd.*, 837 F.2d 696, 698 (5th Cir. 1988).  The objecting party must produce evidence rebutting the presumption raised by the proof of claim.  *Id*.  If such evidence is produced, the party filing the claim must then prove by a preponderance of the evidence the validity of the claim.  *Id*.  The claiming party, through this process, bears the ultimate burden of proof.  Id.  Accord *In re Missionary Baptist Foundation of America*, 818 F.2d 1135, 1143-1144 (5th Cir. 1987) and *In re Joseph A. Burger*, 125 B.R. 894, 902 (Bankr. D. Del. 1991).

2.    Once the Objector rebuts the prima facie case, it is up to the claimant to come forward with his evidence to substantiate his claim by a preponderance.  The Objector can rebut the prima facie validity of the proof of claim with specific and detailed allegations to put the matter at issue and to shift the burden of proof.  The Objector here, the Debtor, successfully rebutted the prima facie validity of the claim by the Objection and his Affidavits. As such, the claimant has the burden of proof and should present evidence to establish by a preponderance of the

evidence the validity of the claims.  Claimant failed to present sufficient evidence.

Conclusion

Based upon the above and foregoing, the Objection to Candica, LLC's Proof of Claim No. 1 is sustained and the claim of Candica, LLC in the amount of $7,498.18 is disallowed.  A separate Judgment will be entered in conjunction herewith.

SIGNED at Houston, Texas on this 17th day of May, 2012.


_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE